# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| DONALD R. WALKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:09-CV-243-TS |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Donald R. Walker, a prisoner proceeding *pro se*, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [DE 1]. The Petition challenges the Indiana Parole Board's decision to revoke his parole.

The Petition shows that the Petitioner's parole was revoked on March 6, 2009, less than three months before he filed this Petition. In response to question 8 of the Court's form petition asking whether the Petitioner has "previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?" the Petitioner answered "N/A." (DE 1 at 2). The Petitioner gave the same response to questions 10 and 11, which also address prior attempts to obtain relief. (*Id.* at 4.)

A federal court may not entertain a petition from a prisoner being held in state custody unless the petitioner has exhausted his available state remedies prior to seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). "This so-called exhaustion-of-state-remedies doctrine serves the interests of federal-state comity by giving states the first opportunity to address and correct alleged violations of a petitioner's federal rights." *Lieverman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007).

Inherent in the habeas petitioner's obligation to exhaust his state court remedies

> before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty
> to fairly present his federal claims to the state courts. *Baldwin v. Reese*, 541 U.S.
> 27 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Picard v.
> Connor*, 404 U.S. 270, 275 (1971). "Only if the state courts have had the first
> opportunity to hear the claim sought to be vindicated in the federal habeas
> proceeding does it make sense to speak of the exhaustion of state remedies." *Id.* at
> 276. Fair presentment in turn requires the petitioner to assert his federal claim
> through one complete round of state-court review, either on direct appeal of his
> conviction or in post-conviction proceedings. *Boerckel*, 526 U.S. at 845. This
> means that the petitioner must raise the issue at each and every level in the state
> court system, including levels at which review is discretionary rather than mandatory. *Ibid*.

*Lewis v. Sternes*, 390 F.3d 1019, 1025–26 (7th Cir. 2004) (parallel citations omitted).

To explain why he did not exhaust his state remedies, the Petitioner suggests that state court proceedings are not available because "[t]he Indiana Supreme Courts [*sic*] has no jurisdiction over the Indiana Parole Board." (DE 1 at 5). The method to challenge a parole revocation in Indiana is by filing a post-conviction relief petition. *See Ward v. Ind. Parole Bd.*, 805 N.E.2d 893 (2004) ("Ward filed a [state] habeas corpus petition alleging his parole revocation hearing was not timely. Ward's petition was converted to a petition for post conviction relief . . . .").

The Petition affirmatively shows that the Petitioner did not present his claim that the Board improperly revoked his parole to any state court before he brought it here. Thus, the state did not have the first opportunity to address and correct the alleged violation of federal rights. According to the Rules governing habeas corpus petitions, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Section 2254 Habeas Corpus Rule 4. However, "a district court [is required] to consider whether a stay is appropriate under circumstances . . . where the dismissal would effectively end any chance at

federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Where the Petitioner has state court remedies available, dismissal would not so end his chance at federal habeas review. If the Petitioner files a timely appeal from any state court rulings, he can still exhaust his claims and, if unsuccessful there, bring a new habeas petition. If he does not file a timely appeal from such rulings, he may not be able to ever exhaust his claims in state court, thereby forfeiting any opportunity to file a federal habeas petition challenging the parole revocation. Either way, however, dismissal of this Petition would not be the cause of any inability to bring a new habeas petition. Therefore, a stay is not necessary or appropriate in this case.

Because the Petitioner has not exhausted his state court remedies, the Court may not grant the Petition and it is **DISMISSED WITHOUT PREJUDICE**.

SO ORDERED on June 30, 2009.

        s/ Theresa L. Springmann
        THERESA L. SPRINGMANN
        UNITED STATES DISTRICT COURT
        FORT WAYNE DIVISION